IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BLAS ESTEBAN SOLIS | § | |
| | § | |
| VS. | § | CASE NO. 4:13-cv-527 |
| | § | JURY |
| | § | |
| MAUSER USA, LLC | § | |

**NOTICE OF REMOVAL**

MAUSER USA, LLC, Defendant, files this Notice of Removal, hereby removing this case from the 295th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

1. Plaintiff Blas Esteban Solis is a resident of Houston, Harris County, Texas.

2. On February 14, 2013, Plaintiff sued Mauser USA, LLC ("Mauser") in the 295th Judicial District Court of Harris County, Texas.

3. Mauser was served with the suit on February 19, 2013. Mauser files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

4. Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332 (a).

5. Plaintiff is a citizen of Texas.

6. Mauser is a Delaware corporation with its principal place of business in East Brunswick, New Jersey.

7. The Plaintiff does not allege a specific amount of damages sought in his petition.

8. In the Civil Case Information Sheet filed in the state court, the filing attorney indicates the monetary damages sought are greater than $100,000.00.

1

9. When the plaintiff does not allege in the state court petition a specific amount of damages, as is the case here, the defendant removing the case must demonstrate by a preponderance of the evidence that the value of the plaintiff's claim meets the jurisdictional requirement. *Garcia v. Koch Oil Co.,* 351 F.3d 636, 638-39 (5th Cir.2003); *DeAguilar v. Boeing,* 47 F.3d 1404, 1410 (5th Cir.), *cert. denied* 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995). Once this burden is satisfied, the only way a plaintiff can then effectuate a remand to state court on amount in controversy grounds is to show as a matter of law it is certain his recovery will not reach the jurisdictional minimum for removal. *Id.* Where the amount in controversy is not set forth in the petition, the removing party may support federal jurisdiction by setting forth the facts in the removal petition. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

10. The plaintiff has stated in his petition that his left arm was caught in a machine at the Mauser facility and was "sawed off" by the drum in the machine. Plaintiff claims that Mauser was negligent generally, and in: failing to provide a safe workplace; failing to maintain its equipment in safe working condition; failing to properly inspect the equipment; failing to properly train its employees and/or hired contractors; and failing to warn of inherently dangerous and unreasonable risks. He does not state the amount of damages he seeks; however, he seeks damages for: pecuniary losses; physical pain and mental anguish; costs of medical care; expenses of psychological treatment; and loss of wages and wage earning capacity.

11. The plaintiff's stated claims as set forth herein together with the Case Information Sheet on file with the state court are sufficient to permit this court to draw on its judicial experience and find that the claims set forth an amount in controversy exceeding $75,000.00.

12. An index and copies of the state court pleadings and other documents in the state court file are attached to this notice as required by 28 U.S.C. 1446(a) and Local Rule LR81.

13. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

14. Mauser will promptly file a copy of this notice of removal with the clerk of the 295th Judicial District Court of Harris County, Texas, where the suit has been pending.

15. Mauser hereby demands a trial of this case by jury.

WHEREFORE, Defendant Mauser USA, LLC prays that the United States District Court for the Southern District of Texas, Houston Division, accept this Notice of Removal and assume jurisdiction of this cause.

    Respectfully submitted,

    **PLAVNICKY KINZEL MAKOWSKI LLP**

By:     */s/ C. Scott Kinzel*
           C. Scott Kinzel
           State Bar No. 00785499
           Fed. ID No. 14163
           Kinzel@pkmtexas.com
           Mary A. Wolter
           State Bar No.: 00785049
           Federal I.D. No.: 15271
           Wolter@pkmtexas.com
           5300 Memorial Dr., Suite 675
           Houston, Texas 77007
           (713) 658-1111 (Telephone)
           (713) 658-8253 (Facsimile)

    **ATTORNEYS FOR DEFENDANT**

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2013, a true and correct copy of the foregoing document has been served upon the following by electronic service and facsimile:

Mr. Benny Agosto, Jr.
Abraham, Watkins, Nichols,
Sorrels, Agosto & Friend
800 Commerce Street
Houston, Texas 77002
***Facsimile.:  713-225-0827***

                                              */s/ Mary A. Wolter*
                                              OF PLAVNICKY KINZEL & MAKOWSKI, LLP